UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE LOCAL 7 TILE INDUSTRY WELFARE FUND, THE LOCAL 7 TILE INDUSTRY ANNUITY FUND, THE TILE LAYERS LOCAL UNION 52 PENSION FUND, TRUSTEES OF THE LOCAL 7 MARBLE INDUSTRY PENSION FUND, THE LOCAL 7 MARBLE INDUSTRY ANNUITY FUND, THE LOCAL 7 MARBLE INDUSTRY TRUST FUND, and TRUSTEES OF THE BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br><br>                                      Plaintiffs,<br><br>         -against-<br><br>JANTILE INCORPORATED,<br><br>                                      Defendant. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1.      This case is a civil action pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, and other applicable law, to collect delinquent employer contributions owed by Defendant to Plaintiffs, a group of multiemployer employee benefit plans, and for related relief.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action arising under ERISA and the LMRA pursuant to 28 U.S.C. § 1331 and pursuant to Section 301(c) of the LMRA, 29 U.S.C. § 185(c), and Section 502(e)(1) of ERISA, 29 U.S.C. § 132(e)(1).

3. Venue is proper in this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) as Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, the Tile Layers Local Union 52 Pension Fund and Trustees of the Local 7 Marble Industry Pension Fund, the Local 7 Marble Industry Annuity Fund, and the Local 7 Industry Trust Fund are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the Local 7 Tile Industry Welfare Fund, Local 7 Tile Industry Annuity Fund, and Tile Layers Local Union 52 Pension Fund (collectively, the "Tile Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the Tile Funds are fiduciaries of the Tile Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Tile Funds are multiemployer employee benefit plans within the meaning of Section 3(3), (37) of ERISA, 29 U.S.C. § 1002(3), (37). The Tile Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

5. Plaintiffs Trustees of the Local 7 Marble Industry Pension Fund, the Local 7 Marble Industry Annuity Fund, the Local 7 Industry Trust Fund (collectively, the "Marble Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the Marble Funds are fiduciaries of the Marble Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Marble Funds are multiemployer employee benefit plans within the meaning of Section 3(3), (37)

of ERISA, 29 U.S.C. § 1002(3), (37).  The Marble Funds maintain their principal place of business at 45-34 Court Square, Long Island City, New York 11101.

6. Plaintiff Trustees of the Bricklayers & Trowel Trades International Pension Fund (the "International Fund") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).  The Trustees of the International Fund are fiduciaries of the International Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The International Fund is a multiemployer employee benefit plans within the meaning of Section 3(3), (37) of ERISA, 29 U.S.C. § 1002(3), (37).  The International Fund maintains its principal place of business at 620 F Street, N.W., Washington, D.C. 20004.

7. Defendant JanTile Incorporated ("JanTile") is a corporation organized under the laws of the State of New York.  At relevant times, JanTile was engaged in business as an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. JanTile maintains a principal place of business at 100 Business Park Drive, Armonk, New York 10504.

**FACTUAL ALLEGATIONS**

8. The Tile Setters and Tile Finishers Union of New York and New Jersey, Local Union No. 7 of the International Union of Bricklayers and Allied Craftworkers (the "Union") is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142.

9. The Marble Carvers, Cutters, and Setters Union, Local Union No. 7 of the International Union of Bricklayers and Allied Craftsman ("Marble Carvers Union") and the Marble Polishers and Restoration Finishers, Local No. 7 of the International Union of Bricklayers and Allied Craftsmen ("Marble Polisher Union," together with Marble Carvers Union as the "Marble Union") are labor organizations within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and represent employees in an industry affecting commerce as defined in Section 502 of the LMRA, 29 U.S.C. § 142.

10. At all times relevant hereto, JanTile was a party to or otherwise bound by a collective bargaining agreement ("CBA") with the Tile Union and with the Marble Union.

11. Defendant JanTile's CBA with the Tile Union and its CBA with the Marble Union (collectively, the "Union CBAs") require JanTile, as a signatory employer to the Union CBAs, to remit specified hourly contributions to the Tile Funds, the Marble Funds, and the International Fund, and various entities on whose behalf they act as collection agents pursuant to the Union CBAs (collectively, the "Funds"), in connection with all work performed by Defendant JanTile's employees in the trade and geographical jurisdiction of either the Tile Union or the Marble Union ("Covered Work").

12. Under the Union CBAs and the Funds' policies for collection of contributions incorporated therein ("Collection Policy"), employers bound by a CBA with either the Marble Union or the Tile Union, like Defendant, must submit reports of their hours of Covered Work to the Funds' administrator each week.

13. If a signatory employer, like Defendant, does not remit its required contributions to the Funds by the 15th day of the month following the month when the employer's employees

-4-

performed Covered Work, then the employer is delinquent in its contribution obligation under the Union CBAs.

14. In the event that an employer bound by either the Tile Union CBA or the Marble Union CBA, like Defendant JanTile, is delinquent in its contributions to the Funds, then, pursuant to the Union CBAs and the Funds' Collection Policy, the Funds are entitled to payment of the unpaid contributions, interest on contributions owed to the Tile Funds/Marble Funds at a rate of ten percent (10%) *per annum*, interest on contributions owed to the International Fund at fifteen percent (15%) *per annum*, liquidated damages in the amount of twenty percent (20%) of the unpaid contributions, the Funds' audit costs, and the Funds' attorneys' fees and costs incurred in obtaining these amounts from the delinquent employer.

15. In addition, the Union CBAs provide that Defendant JanTile must furnish the Funds, or their representatives, with its books and records available permit the Funds to verify the number of hours of Covered Work performed by JanTile's employees.

16. From November 25, 2019 through April 19, 2020, Defendant JanTile submitted reports to the Funds' administrator of its hours performing Covered Work.

17. Based on these reported hours, Defendant JanTile, pursuant to the Union CBAs, the Collection Policy, owes delinquent contributions to the Tile Funds in the principal amount of $2,714,593.36 and delinquent contributions to the Marble Funds of $1,390,245.15, for a total delinquency of $4,104,838.51 during the time period of November 25, 2019 through April 19, 2020 based on Defendant's reported hours of Covered Work.

18. Defendant JanTile has failed to remit any of the $4,104,838.51 in contributions due to the Funds arising from its Covered Work during the time period of November 25, 2019 through April 19, 2020.

## THE FUNDS' FIRST CAUSE OF ACTION AGAINST DEFENDANT JANTILE
(*Violation of ERISA*)

19. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

20. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

21. At all relevant times, Defendant JanTile was and is party to the Union CBAs.

22. The Union CBAs require Defendant JanTile to remit specified hourly contributions to the Funds in connection with all of its Covered Work.

23. Defendant JanTile violated Section 515 of ERISA, 29 U.S.C. § 1145, by failing to remit required contributions to the Funds, in contravention of the Union CBAs and the Funds' Collection Policy, for its employees' Covered Work performed from November 25, 2019 through April 19, 2020 in the principal amount of at least $4,104,838.51, plus any additional delinquent contributions identified during this lawsuit.

24. Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, the Union CBAs, and the Funds' Collection Policy, Defendant JanTile is liable to the Funds in an amount equal to at least $4,104,838.51 in delinquent contributions, plus any additional delinquent benefits contributions identified through this litigation, interest, liquidated damages equal to twenty percent (20%) of the principal owed, and attorneys' fees and costs, including audit costs, incurred by the Funds in collecting these amounts.

## THE FUNDS' SECOND CAUSE OF ACTION AGAINST DEFENDANT JANTILE
(*Violation of LMRA*)

25. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. The relevant Union CBAs required Defendant JanTile to make specified hourly contributions to the Funds in connection with all Covered Work.

27. Section 301 of the LMRA, 29 U.S.C. § 185, allows courts to enforce labor contracts, including the Union CBAs at issue here.

28. Defendant JanTile violated the Union CBAs by failing to remit required contributions to the Funds for its employees' Covered Work from November 25, 2019 through April 19, 2020 in the principal amount of at least $4,104,838.51.

29. Under the Union CBAs and the Funds' Collection Policy, if JanTile is delinquent in its contributions to the Funds, as is the case here, then the Funds are entitled to payment of the unpaid contributions, interest on contributions owed to the Tile/Marble Funds at a rate of ten percent (10%) *per annum*, interest on contributions owed to the International Fund at fifteen percent (15%) *per annum*, liquidated damages in the amount of twenty percent (20%) of the unpaid contributions, and the Funds' attorneys' fees and costs, including audit costs, incurred in obtaining these amounts from the delinquent employer, Defendant JanTile.

30. Accordingly, pursuant to the Union CBAs, the Funds' Collection Policy, and Section 301 of the LMRA, 29 U.S.C. § 185, Defendant JanTile is liable to the Funds in an amount equal to at least $4,104,838.51 in delinquent contributions, plus any additional delinquent benefits contributions identified through this litigation, interest as calculated under the relevant CBA, liquidated damages equal to twenty percent (20%) of the principal owed, and attorneys' fees and costs, including audit costs, incurred by the Funds in collecting these amounts.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendant for all delinquent contributions identified in this lawsuit, including the delinquent contributions of $4,104,838.51 arising from Defendant's Covered Work from November 25, 2019 to April 19, 2020, plus interest, liquidated damages, and audit costs;

(2) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(3) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York
       May 5, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER LLP**

By:    /s/ *John M. Harras* _____
John M. Harras, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*